UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BERNAL,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>MICHAEL J. LEJEUNE,<br><br>　　　　　Respondent. | Case No.　1:20-cv-00616-JDP<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS<br><br>OBJECTIONS DUE IN THIRTY DAYS<br><br>ECF No. 6<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE |

Petitioner Anthony Bernal, a federal prisoner without counsel, petitioned for a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. Petitioner claims that the Bureau of Prisons ("BOP") has erroneously calculated his custody credits. *See generally id.* On July 13, 2020, respondent moved to dismiss the petition. ECF No. 6. Petitioner has not opposed the motion, and the time to do so has passed. *See* Local Rule 230(*l*) ("Failure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion.").

**Discussion**

Under Rule 4 of the Rules Governing Section 2254 Cases, we are to dismiss a habeas petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Here, it plainly appears that petitioner is not entitled to relief. The reason is

simple: petitioner states that he has failed to exhaust his administrative remedies and he has failed to show that pursuing such remedies would be futile.

"As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." *Ward v. Chavez,* 678 F.3d 1042, 1045 (9th Cir. 2012); *see Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001). Although exhaustion of administrative remedies is not a "jurisdictional prerequisite" for petitioners seeking relief under § 2241, typically the exhaustion requirement will be waived only where the petitioner demonstrates that "pursuing those administrative remedies would be futile." *Ward,* 678 F.3d at 1045.

To exhaust his administrative remedies, an inmate must move through the BOP's three-step administrative remedy system. *Id.*; *see* 28 C.F.R. §§ 542.10-542.19. Under this system, an inmate may "seek formal review of an issue relating to *any aspect* of his/her own confinement." 28 C.F.R § 542.10 (emphasis added). Before initiating the formal three-step process, an "inmate shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue." *Id*. at § 542.13. If the inmate is not satisfied with the informal resolution, he may then "request submission of a formal written Administrative Remedy Request." *Id*. at § 542.14. If the inmate is not satisfied with the response, he may appeal the decision at the second and third levels of review. *Id*. at § 542.15. An inmate may obtain assistance from prison staff in filing these appeals. *Id*. at § 542.16.

Here, petitioner states that although he brought his concern to prison staff informally, he has not sought any formal administrative review of his sentence calculation claim. ECF No. 1 at 1-2. According to petitioner, prison staff told him that "nothing could be done" about his sentence calculation. *Id*. at 2. Petitioner argues that the prison staff's response demonstrates that taking any formal steps to exhaust his administrative remedies would be futile. *Id*. Petitioner's contention lacks merit. BOP's own guidance on sentence calculations directs prisoners to first

2

seek informal resolution of such claims, and in the event an inmate is not satisfied with the response from prison staff, he is to seek relief through the administrative remedy process.[1]

Because petitioner has failed to exhaust his administrative remedies and has failed to demonstrate that an attempt at such exhaustion would be futile, we recommend that respondent's motion to dismiss be granted.[2]  If petitioner exhausted his administrative remedies subsequently to the filing of the instant petition, he should present proof thereof in his objections to these findings and recommendations.

**Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's dismissal of a petition; he may appeal only in limited circumstances.  *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  Rule 11 Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner.  *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).  A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, petitioner has not made a substantial

---

[1] Federal Bureau of Prisons Custody and Care: Sentence Computation, https://www.bop.gov/inmates/custody_and_care/sentence_computations.jsp (last visited August 17, 2020).

[2] Respondent also argues that because petitioner has not demonstrated that BOP has erroneously calculated his custody credits, petitioner's claim fails on the merits. ECF No. 6 at 4-6.  Although we need not reach the merits of petitioner's claim here, we note that petitioner has not presented any evidence which leads us to believe that BOP has erroneously calculated his custody credits.

1 showing of the denial of a constitutional right.  Thus, we recommend that the court decline to
2 issue a certificate of appealability.

**Findings and Recommendations**

For the foregoing reasons, we recommend that the court grant defendant's motion to dismiss, ECF No. 6, dismiss the case, and decline to issue a certificate of appealability.  These findings and recommendations are submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304.  Within thirty days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties.  That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

**Order**

The clerk of court is directed to assign this case to a district judge for the purposes of reviewing these findings and recommendations.

IT IS SO ORDERED.

Dated: ___August 21, 2020___          _____
                                       UNITED STATES MAGISTRATE JUDGE

No. 206.